# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:03CR00096 |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| ERIC KAVE CONKLIN, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Eric Kave Conklin, Pro Se.*

The defendant, Eric Kave Conklin, has submitted a document that he styles as a "MOTION IN REQUEST OF A NUNC PRO TUNC ORDER." In his motion, Conklin asserts that the security classification assigned to him by the Bureau of Prisons ("BOP") has been and continues to be negatively affected by a discrepancy between his plea agreement and his presentence report ("PSR"). He asks that the court enter a correction of the record. I find that Conklin's motion is without merit.

Conklin pleaded guilty, pursuant to a written plea agreement, on January 30, 2004, to one count of possession of a firearm in furtherance of a drug trafficking offense and one count of being a felon in possession of a firearm. I sentenced him on May 13, 2004, to 72 months imprisonment. He did not appeal.

Paragraph 2 of Conklin's plea agreement provides, "The United States agrees to stipulate that, for purpose of sentencing pursuant to 18 U.S.C. § 924(c), no firearm

was actually 'brandished' during the commission of the crimes set forth in the Indictment." Conklin claims that the PSR "breached" the government's contractual agreement with him, because the PSR included "unsubstantiated statements made by non-law enforcement individuals relative to Defendant's purported brandishing or threatening use of a firearm in the instant case."[1] He complains that the PSR should include a statement concerning the government's stipulation that Conklin did not brandish a firearm. Conklin asserts that the challenged statements in the PSR have caused the BOP to classify him two security levels higher than his offenses otherwise warrant and as a result, he is housed at a more secure prison that he should be.[2] He asks the court to correct this discrepancy and uphold his "contractual agreement" by amending the PSR to include a report of the government's stipulation that Conklin never brandished a firearm during the commission of the crimes in the indictment.

---

[1] Contrary to Conklin's assertion, federal probation officers are not employed by the Department of Justice or any other federal executive agency. United States probation officers are appointed by the district court. *See* 18 U.S.C.A. § 3602 (West 2000). Thus, the probation officer who prepared Conklin's PSR was not a party to the plea agreement.

[2] BOP Program Statement ("PS") 5100.08 app. A, at 1 (Sept. 12, 2006), defines a weapons charge as one of greatest severity for security classification purposes when the offense involved "distribution of automatic weapons, exporting sophisticated weaponry, brandishing or threatening use of a weapon." It also provides that "[s]everity of violence is determined by the offense behavior regardless of the conviction/finding of guilty offense." PS 5100.08 ch. 4, at 9.

-2-

Case 1:03-cr-00096-JPJ   Document 19   Filed 09/20/07   Page 2 of 4   Pageid#: 21

Conklin fails to cite any authority under which the court could order revisions to his PSR at this late date—more than three years after he was sentenced—particularly when he offers no reason that he failed to raise this objection at sentencing or on appeal. In any event, however, I find no material discrepancy between the plea agreement and the PSR. First, the government's stipulation in the plea agreement that Conklin did not "brandish" a firearm is specifically limited to "purposes of sentencing" on Conklin's § 924(c) offense. The stipulation resulted in Conklin receiving a five-year sentence under § 924(c)(1)(A)(i) instead of the seven-year sentence under § 924(c)(1)(A)(ii) that he would have received if the court had found that he brandished a firearm in relation to drug trafficking offenses. Therefore, Conklin received the benefit of his bargain under the plea agreement.

Second, the government's stipulation did not include a promise to omit all references in the PSR to evidence that Conklin used firearms in a threatening manner in relation to his drug trafficking activities. Nor did the stipulation relate in any way to BOP classifications of federal inmates. I thus find no ground on which Conklin has any contractual right under the plea agreement to receive the requested correction of his PSR.

For the stated reasons, it is **ORDERED** that the defendant's motion (Dkt. No. 18) is DENIED. The Clerk will send a copy of this Opinion and Order to the defendant at his place of confinement.

ENTER: September 20, 2007

/s/ JAMES P. JONES
Chief United States District Judge