# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:03CR00096 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| ERIC KAVE CONKLIN, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Eric Kave Conklin, Pro Se Defendant.*

The defendant, Eric Kave Conklin, moves for correction of alleged clerical errors in his Presentence Report ("PSR") and sentencing judgment, pursuant to Federal Rule of Criminal Procedure 36. He asserts that the PSR incorrectly described the maximum sentence for the offense charged in Count One, incorrectly stated the relevant statute as to Count Two, and recommended improper terms of supervised release. He contends that the court should thus reduce his terms of supervised release. Finally, he submits a separate motion, asking the court to provide him with a free transcript of the sentencing hearing. Upon review of the record, I am of the opinion that Conklin's motions must be denied.

Rule 36 of the Federal Rules of Criminal Procedure authorizes the court after giving notice to "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

Fed. R. Crim. P. 35(a).  The rule allows a court to correct an erroneous sentence within seven days from entry of the judgment.  However, after that time "'when the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence'" under Rule 35(a) or Rule 36.  *United States v. Chavis*, 161 F. App'x 339, 340 (4th Cir. 2006) (unpublished) (quoting *United States v. Fraley*, 988 F.2d 4, 6-7 (4th Cir. 1993)); *United States v. Blackwell*, 81 F.3d 945, 948-49 (10th Cir.1996) (finding that Rule 36 cannot be used by court to correct substantive errors in the judgment); *United States v. Werber*, 51 F.3d 342, 346-48 (2d Cir. 1995) (collecting cases and noting that Rule 36 allows the court to correct transcription errors, but not errors of law).

The sentencing judgment in Conklin's case was entered on May 13, 2004, convicting him of possession of a firearm in furtherance of a drug trafficking crime (Count One) and being a felon in possession of a firearm (Count Two) and sentencing him to sixty months imprisonment and a $500 fine on Count One and a consecutive twelve months imprisonment and a $500 fine on Count Two, as well as a term of five years of supervised release on each count, with these terms to run concurrent. Conklin did not appeal his conviction or sentence and did not raise his current

objections to the PSR before sentence. He has not filed a Motion to Vacate, Set

Aside or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006).[1]

Upon review of this record, I am of the opinion that I have no authority under

Rule 36 to change Conklin's sentences of supervised release. The record does not

indicate that the terms of supervised release appearing on the judgment are any

different than the terms I imposed during the sentencing hearing or that the terms

listed on the judgment are the result of clerical error or mere oversight or omission.

Indeed, Conklin makes no such argument. Rather, he asserts that the terms of

supervised release are based on incorrect characterization of his offenses in the PSR.

To the extent that such errors occurred, they are substantive matters that may not be

corrected under Rule 36.

Moreover, the PSR description of the charge in Count One is not erroneous.

Because 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2007) does not list a maximum

sentence, the statutory maximum term for a violation of this section is life

imprisonment. *United States v. Harrison*, 272 F.3d 220, 225-26 (4th Cir. 2001).

Thus, a § 924(c) conviction is a Class A felony under 18 U.S.C.A. § 3559(a)(1) (West

2000 & Supp. 2007), and a defendant convicted of violating § 924(c) is subject to a

---

[1] When Conklin filed his current motion, I conditionally filed it as a § 2255 motion and offered Conklin an opportunity to elect to pursue it as such but he objected to this construction.

five-year term of supervised release, pursuant to 18 U.S.C.A. § 3583(b)(2) (West 2000 & Supp. 2007). Because Conklin received a five-year term of supervised release related to Count One, convicting him of a § 924(c) violation, I find no clerical error in the PSR or the sentencing judgment relating to this count.

I do find errors in the PSR descriptions of Count Two, charging Conklin with being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West Supp. 2007). The first page of the revised PSR dated April 5, 2004, indicated that Count Two charged Conklin with a violation of 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2007). Paragraph 87 indicated that Count Two charged a violation of 18 U.S.C.A. § 924(c), with a minimum sentence of five years and a maximum sentence of life imprisonment. Neither of the cited statutes is correct as to Count Two. In fact, Count Two charged Conklin with violating § 922(g), to which he was subject to a maximum sentence of ten years imprisonment, pursuant to 18 U.S.C.A. § 924(a)(2) (West 2000).

In addition, paragraph 90 of the PSR stated that a term of supervised release of no more than five years may be imposed for Count Two. On the contrary, an offense carrying a maximum sentence of ten years is a Class C felony under 18 U.S.C.A. § 3559(a)(3) (West 2000), and such an offense carries a maximum term of three years of supervised release under 18 U.S.C.A. § 3583(b)(3) (West 2000).

Case 1:03-cr-00096-JPJ   Document 31   Filed 12/12/07   Page 4 of 6   Pageid#: 76

Conklin's sentencing judgment also imposed a five-year term of supervised release on Count Two instead of the authorized maximum term of three years.[2]

To the extent that such errors occurred, they are substantive legal errors and may not be corrected under Rule 36. Furthermore, because Rule 36 does not authorize a change in the terms of supervised release, I find that the alleged errors in the PSR are not material and do not warrant ordering an amended PSR.

I also find no ground upon which Conklin is entitled to a free transcript from this court in this closed case for his pending appeal from an earlier order of this court denying a pro se motion.[3] The transcript of the sentencing has not been prepared and the proceedings there did not provide the basis for any part of my decision under challenge in Conklin's appeal of a prior order in this case.

For the reasons stated, it is **ORDERED** that the motions (Dkt. Nos. 28 &29) are DENIED.

The Clerk will send copies of this Order to the defendant at his place of confinement.

---

[2] As the two terms of supervised release run concurrently, Conklin will not serve any longer supervision than that to which he is properly subject pursuant to Count One.

[3] Conklin filed a motion seeking to amend his PSR to include a statement that he did not brandish a firearm in committing his offenses, which motion was denied. *United States v. Conklin*, No. 1:03CR00096, 2007 WL 2746959 (W.D. Va. Sept. 20, 2007).

Case 1:03-cr-00096-JPJ   Document 31   Filed 12/12/07   Page 5 of 6   Pageid#: 77

ENTER: December 12, 2007

/s/ JAMES P. JONES
Chief United States District Judge

Case 1:03-cr-00096-JPJ   Document 31   Filed 12/12/07   Page 6 of 6   Pageid#: 78